**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ADAPTIX, INC.,<br>Plaintiff,<br>v.<br><br>SPRINT SPECTRUM, L.P.<br>Defendant. | Case No. 6:15-cv-00044<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

This is an action for patent infringement in which Plaintiff, ADAPTIX, Inc. ("ADAPTIX"), complains against Defendant Sprint Spectrum, L.P. ("Sprint") as follows:

## THE PARTIES

1. ADAPTIX is a Delaware corporation with its principal place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.
2. Sprint is a Delaware corporation with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251, and regularly does business in this judicial district at 921 N. Central Expressway, Plano, Texas 75075 by, among other things, committing the infringing acts giving rise to this Complaint.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).
4. Sprint is to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute.
5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b-c) and 1400(b)

because Sprint, *inter alia*, regularly conducts business in and has committed the acts giving rise to this action within this judicial district.

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 8,934,375)

6. ADAPTIX incorporates by reference paragraphs 1 through 5 herein.

7. This cause of action arises under the patent laws of United States of America and, in particular, 35 U.S.C. §§ 271 *et seq*.

8. ADAPTIX is the owner by assignment of United States Patent No. 8,934,375, entitled "OFDMA with Adaptive Subcarrier-Cluster Configuration and Selective Loading" ("the '375 Patent"), with ownership of all substantial rights therein, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '375 Patent is attached as Exhibit A.

9. The '375 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

10. Sprint has directly infringed and continues to directly infringe at least Claims 1 and 17 of the '375 Patent by, among other things, using, offering for sale and/or selling cellular communication devices, including without limitation the iPhone 6 and iPhone 6 Plus, for use on Sprint's 4G LTE Wireless Network ("Sprint's LTE network"), and by using its network to operate those devices. Sprint is thereby liable for infringement of the '375 Patent pursuant to 35 U.S.C. § 271(a).

11. Sprint has indirectly infringed and continues to indirectly infringe at least Claim 1 of the '375 Patent in this judicial district and elsewhere in the United States by, among other things, using, offering for sale and/or selling cellular communication devices, including without

limitation the iPhone 6 and iPhone 6 Plus, for use on Sprint's LTE network, and using its LTE network to operate those devices. Sprint's end users who purchase systems and components thereof and operate such systems and components in accordance with Sprint's instructions directly infringe one or more claims of the '375 Patent in violation of 35 U.S.C § 271. Sprint is thereby liable for infringement of the '375 Patent pursuant to 35 U.S.C. § 271(b).

12. Sprint will have been on notice of the '375 Patent since, at the latest, the service of this Complaint. By the time of trial, Sprint will thus have known and intended (since receiving such notice) that its continued actions would induce actual infringement of at least Claim 1 of the '375 Patent.

13. Sprint has indirectly infringed and continues to indirectly infringe at least Claim 1 of the '375 Patent by, among other things, contributing to the direct infringement of others, including without limitation end users of its LTE network and cellular communication devices, including without limitation the iPhone 6 and iPhone 6 Plus, to be used on its LTE network, by supplying systems and components that infringe one or more claims of the '375 Patent in violation of 35 U.S.C. § 271(c).

14. Sprint has contributed, and continues to contribute, to the direct infringement of others, such as end users of its LTE network and of cellular communication devices, including without limitation the iPhone 6 and iPhone 6 Plus, to be used on its LTE network, by making, offering to sell, selling, re-selling and/or selling in the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '375 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

15. Sprint will have been on notice of the '375 Patent since, at the latest, the service of this Complaint. By the time of trial, Sprint will thus have known and intended (since receiving such notice) that its continued actions would contribute to actual infringement of at least Claim 1 of the '375 Patent.

16. ADAPTIX has been reparably and irreparably damaged as a result of Sprint's infringing conduct described in this Count. Sprint is thus liable to ADAPTIX for an amount that adequately compensates ADAPTIX for Sprint's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

Wherefore, ADAPTIX respectfully requests that this Court enter:

A. Judgment in favor of ADAPTIX that Sprint has infringed the '375 Patent, directly and indirectly, as aforesaid;

B. A permanent injunction enjoining Sprint, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or privity therewith from direct and/or indirect infringement of the '375 Patent pursuant to 35 U.S.C. § 283;

C. An order requiring Sprint to pay ADAPTIX its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;

D. A determination that this case is exceptional pursuant to 35 U.S.C. § 285;

E. An order awarding ADAPTIX its attorneys' fees and costs incurred herein pursuant to 35 U.S.C. § 287; and

F. Any and all further relief to which the Court may deem ADAPTIX entitled.

## DEMAND FOR JURY TRIAL

ADAPTIX hereby requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

Dated: January 13, 2015

Respectfully submitted,

By: /s/ *Paul J. Hayes*

Paul J. Hayes
James J. Foster
**HAYES MESSINA GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Telephone: (617) 345-6900
Facsimile: (617) 443-1999
Email: phayes@hayesmessina.com
Email: jfoster@hayesmessina.com

Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Phone: (903) 730-6789
Email: craig@tadlocklawfirm.com
keith@tadlocklawfirm.com

**ATTORNEYS FOR THE PLAINTIFF ADAPTIX, INC.**